O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES & EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>  v.<br><br>JAMES B. DUNCAN; HENDRIX M. MONTECASTRO; MAURICE E. MCLEOD; PACIFIC WEALTH MANAGEMENT, LLC; STONEWOOD CONSULTING, INC.; and TOTAL RETURN FUND, LLC; Defendants; and CHRISTOPHER J. OETTING, dba OETTING INDUSTRIES; ANTHONY M. CONTRERAS; and BIOCYBERNAUT INSTITUTE, INC., Relief Defendants,<br><br>    Defendants. | Case No. CV 08-1323-VAP (OPx)<br><br>**[Motion filed on August 6, 2008]**<br><br>**ORDER GRANTING ATTORNEY PAUL RUNES'S MOTION TO WITHDRAW APPEARANCE FOR DEFENDANT MAURICE McLEOD** |

    Attorney Paul Runes's Motions for Permission to Withdraw Appearance for Defendant Maurice McLeod came before the Court for hearing on September 15, 2008. After reviewing the Court's tentative ruling, counsel for the parties submitted on the ruling without argument.  After reviewing and considering all papers

filed in support of the Motion, and in light of the lack of Opposition to it, the Court GRANTS Runes's Motion to Withdraw as counsel for Defendant Maurice McLeod.

## I. BACKGROUND

**A.  Procedural History**

The Securities and Exchange Commission (SEC) filed a Complaint for Violation of the Federal Securities Laws against several defendants, including Maurice McLeod, on February 27, 2008.  It came to this Court through a low-number transfer on March 14, 2008.  Attorney Paul Runes, along with co-counsel Lewis Crouse (or perhaps "Krouse"),[1] represented defendant Maurice McLeod. (Declaration of Paul Runes attached to Motion to Withdraw "Runes Decl." at ¶¶ 1-2).

The Court conducted a scheduling conference on July 28, 2008, at which it directed the SEC to file any motion to disqualify McLeod's attorney within 30 days. The SEC has not filed such a motion.

On August 6, 2008, Runes filed for permission to withdraw from representation of defendant McLeod (Motion

---

[1] The attorney's name appears as "Lewis R. Crouse" below his signature on Maurice E. McLeod's Consent to Judgment of Permanent Injunction, filed August 25, 2008. However, Runes has spelled the name "Krouse" throughout his request to withdraw and supporting documents. "Crouse" is used here.

1 | by Attorney Paul Runes for Permission to Withdraw
2 | Appearance for Defendant Maurice McLeod "Mot."). The
3 | SEC filed a Statement of Non-Opposition on September 2,
4 | 2008 ("Statement"). Defendant McLeod has filed no
5 | opposition or other response to the Motion.

**B.  Factual Background**

The SEC alleges that defendants committed securities fraud, including operating a Ponzi-like scheme. (Complaint "Compl." ¶¶ 3-4.) As stated above, attorney Runes, along with attorney Crouse, have thus far represented Defendant McLeod. (Runes Decl. ¶¶ 1-2). Attorney Runes has also represented McLeod, as well as Defendants Chris Oetting, Pacific Wealth Management, LLC, and Total Return Fund, LLC, in a related California Superior Court case. (Runes Decl. ¶ 1; Joint Report on Fed. R. Civ. P. 26(f) Conference 7 "Jt. Rep.")

The retainer agreement between Runes and McLeod requires Runes to withdraw from the representation if the SEC entered into communications with Defendant McLeod regarding settlement. (Runes Decl. ¶ 2.) At that point, "Lewis Krouse" was to represent McLeod. (Runes Decl. ¶ 2.) Runes states that settlement discussions have begun. (Runes Decl. ¶¶ 3-4.)

Accordingly, Runes now seeks to withdraw from representation of McLeod.

The SEC does not oppose the motion to withdraw (Statement para. 1.), but notes that it does not endorse or adopt Runes's suggestion that his withdrawal will eliminate all conflicts of interest. (Statement para. 1.)

## II. LEGAL STANDARD

Rule 83-2.9.2.1 of the Local Civil Rules, Central District of California, requires that an attorney representing an individual to seek leave of the court to withdraw as counsel. Local R. 83-2.9.2.1. The California Rules of Professional Conduct permit permissive withdrawal where "continued employment will result in violation of these rules." Cal. R. Prof. Conduct 3-700(B)(2). Representation of clients with conflicting interests can lead to a violation of the California Rules. See Cal. R. Prof. Conduct 3-310(C)(1) (attorneys "shall not, without the informed written consent of each client: Accept representation of more than one client in a matter in which the interests of the clients potentially conflict . . .")

## III. DISCUSSION

Attorney Runes represents McLeod in this action and several defendants in a related state court case. (Runes Decl. ¶¶ 1-2; Jt. Rep. 7). The SEC has begun

settlement discussions with McLeod.  (Id. at ¶¶ 3-4.) Representation of more than one party during settlement discussions could lead to a conflict of interest that violates the California Rules of Professional Conduct. See Cal. R. Prof. Conduct 3-310(C)(1).  Although Runes does not explain how continued representation will or may constitute a conflict of interest, as the SEC points out, Runes may be forced "to cross examine his current clients . . . as well as his former clients. . . ."  (Jt. Rep. 8.)  Permission to withdraw is therefore consistent with the California Rules of Professional Conduct.

     According to Runes's representations to the Court, withdrawal in this situation also is consistent with the retainer agreement between Runes and McLeod. ((Runes Decl. ¶ 2) Runes has sought stipulation of co-counsel Crouse and Defendant McLeod for his withdrawal as counsel of record but has not yet received their signatures.  (Runes Decl. ¶ 6, Ex. A.)  Both Crouse and McLeod have been served with this motion and have not objected to it.  Runes Decl. Ex. A.  Runes's withdrawal is therefore consistent with his retainer agreement with his client and does not leave Defendant McLeod unrepresented.
///
///

**IV. CONCLUSION**

For the reasons set forth above, the Motion is GRANTED.

Dated: September 17, 2008

VIRGINIA A. PHILLIPS
United States District Judge