JOHN B. BULGOZDY, Cal. Bar No. 219897
Email: bulgozdyj@sec.gov
SARA D. KALIN, Cal. Bar No. 212156
Email: kalins@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Michele Wein Layne, Associate Regional Director
John B. McCoy, III, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

Priority ___
Send ___
Enter ___
Closed ✓
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES B. DUNCAN; HENDRIX M. MONTECASTRO; MAURICE E. MCLEOD; PACIFIC WEALTH MANAGEMENT, LLC; STONEWOOD CONSULTING, INC.; and TOTAL RETURN FUND, LLC,<br><br>Defendants,<br><br>and<br><br>CHRISTOPHER J. OETTING, dba OETTING INDUSTRIES; ANTHONY M. CONTRERAS; and BIOCYBERNAUT INSTITUTE, INC.,<br><br>Relief Defendants. | Case No. CV 08-01323 VAP (OPx)<br><br>[PROPOSED] FINAL JUDGMENT AGAINST DEFENDANTS JAMES B. DUNCAN; HENDRIX M. MONTECASTRO; MAURICE E. MCLEOD; PACIFIC WEALTH MANAGEMENT, LLC; STONEWOOD CONSULTING, INC.; AND TOTAL RETURN FUND, LLC IMPOSING PERMANENT INJUNCTION, DISGORGEMENT, AND CIVIL PENALTY<br><br>(Fed. R. Civ. P. 54) |

In an Order issued July 6, 2009, the Court granted the motion of Plaintiff Securities and Exchange Commission ("Commission") for (1) summary judgment against defendants James B. Duncan ("Duncan") and Hendrix M. Montecastro ("Montecastro"); (2) remedies against defendant Maurice E. McLeod ("McLeod"); and (3) default judgment against defendants Total Return Fund, LLC ("TRF"), Stonewood Consulting, Inc. ("Stonewood"), and Pacific Wealth Management, LLC ("PWM"), and hereby enters this Judgment against defendants pursuant to Fed. R. Civ. P. 54.

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Defendants Duncan, Montecastro, TRF, Stonewood, and PWM, and their agents, servants, employees, attorneys, and all persons in active concert or participation with the Defendants who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the

1  Defendants Duncan, Montecastro, TRF, Stonewood, and PWM, and their agents,
2  servants, employees, attorneys, and all persons in active concert or participation
3  with ~~them~~ *the Defendants* who receive actual notice of this Judgment by personal service or
4  otherwise are permanently restrained and enjoined from violating Section 17(a) of
5  the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), in the offer or
6  sale of any security by the use of any means or instruments of transportation or
7  communication in interstate commerce or by use of the mails, directly or
8  indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Defendants Duncan, Montecastro, TRF, Stonewood, and PWM, and their agents, servants, employees, attorneys, and all persons in active concert or participation with ~~them~~ *the Defendants* who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) & 77e(c), by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or

otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding of examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendants Duncan, Montecastro, and McLeod shall pay disgorgement and prejudgment interest as follows:

A. Defendant Duncan shall pay disgorgement in the amount of $29,498,679 and prejudgment interest of $786,329.60, for a total of $30,341,685.70; and

B. Defendant Montecastro shall pay disgorgement in the amount of $27,515,421 in disgorgement and $843,006.70 [handwritten, replacing stricken $786,329.60] in prejudgment interest, for a total of $28,301,750.60; and  *vrp*

C. Defendants Duncan and Montecastro shall be jointly and severally liable for $27,515,421 of the disgorgement amounts that each have been ordered to pay; and

3

      D.      Defendant McLeod shall pay disgorgement in the amount of $469,223 and $13,409.35 in prejudgment interest, for a total of $482,632.35.

Defendants Duncan, Montecastro, and McLeod shall make these payments within ten (10) business days after entry of this Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter setting forth the title and civil action number of this action and the name of this Court (with a copy to counsel for the Commission); and specifying that payment is made pursuant to this Judgment. Defendants Duncan, Montecastro, and McLeod shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendants Duncan, Montecastro, and McLeod shall pay civil penalties, pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), as follows:

      A.      Defendant Duncan shall pay a civil penalty in the amount of $130,000;

      B.      Defendant Montecastro shall pay a civil penalty in the amount of $130,000; and

      C.      Defendant McLeod shall pay a civil penalty in the amount of $130,000.

The Defendants shall make this payment within ten (10) business days after entry of this Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment

shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter setting forth the title and civil action number of this action and the name of this Court (with a copy to counsel for the Commission); and specifying that payment is made pursuant to this Final Judgment. Defendants Duncan, Montecastro, and McLeod shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the injunctive relief imposed on defendant McLeod pursuant to the Judgment of Permanent Injunction entered August 28, 2008, remains in full force and effect.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction over this action for all purposes, including to implement and enforce the terms of this Judgment and other orders and decrees which may be entered, and to grant such other relief as this Court may deem necessary and just.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that there being no just reason for delay, the Clerk of the Court is ordered to enter this Judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure forthwith

DATED: Sept. 9, 2009

HONORABLE VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE

Presented by:

/s/ John B. Bulgozdy
John B. Bulgozdy
Sara D. Kalin
Attorneys for Plaintiff
Securities and Exchange Commission

5